IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AMPARO MARTINEZ, | § | |
| | § | |
| Plaintiff-counterdefendant, | § | |
| | § | Civil Action No. 3:16-CV-3043-D |
| VS. | § | |
| | § | |
| PILGRIM'S PRIDE CORPORATION, | § | |
| | § | |
| Defendant-counterplaintiff. | § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff-counterdefendant Amparo Martinez's ("Martinez's") January 11, 2017 second Rule 12(b)(6) motion to dismiss defendant-counterplaintiff Pilgrim's Pride Corporation's ("Pilgrim's Pride's") counterclaim for breach of contract is denied for at least the following reason.[1]

Pilgrim's Pride alleges that, as an employee of Pilgrim's Pride, Martinez was a participant in the Pilgrim's Pride Corporation Partner Protection Plan Agreement ("Plan"). 1st Am. Countercl. ¶ 2. After she was injured, she elected to receive "Premium Benefits" under the Plan by signing the Election Form. *Id*. at ¶ 5. In exchange for such "Premium Benefits," Martinez agreed to waive her right to sue Pilgrim's Pride, and agreed that her only remedy would be the Premium Benefits that she is eligible to receive under the Plan, *id*. at ¶ 4, which Pilgrim's Pride alleges it has paid in full, *id.* at ¶ 6 (Pilgrim's Pride "has fully performed its obligations to provide Premium Benefits pursuant to the terms of the Plan and the Election Form."). But despite executing the Election Form and

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

receiving Premium Benefits, Martinez filed this lawsuit asserting claims of negligence that are subject to the release and waiver provision in the Election Form. *Id.* at ¶ 7. Pilgrim's Pride alleges that Martinez's breach has caused various forms of damages, including the Premium Benefits to which she would not otherwise have been entitled. *Id.* at ¶ 8 ("By filing suit despite the release and waiver, [Martinez] has breached the agreement, and said breach has proximately caused damages to [Pilgrim's Pride] in the form of premium benefits paid to [Martinez] . . . ").

The elements of a claim for breach of contract under Texas law are "(1) the existence of a valid contract, (2) plaintiff's performance of duties under the contract, (3) defendants' breach of the contract, and (4) damages to plaintiff resulting from the breach." *Orthoflex, Inc. v. ThermoTek, Inc.*, 983 F.Supp.2d 866, 872 (N.D. Tex. 2013) (Fitzwater, C.J.), *appeal docketed*, No. 16-11381 (5th Cir. Sept. 16, 2016) (citation omitted). Pilgrim's Pride has plausibly pleaded (1) the existence of a valid contract (i.e., the Plan); (2) that Pilgrim's Pride performed under the Plan by paying Premium Benefits; (3) that Martinez breached the Plan by suing Pilgrim's Pride despite executing the Election Form that includes the release and waiver; and (4) that Pilgrim's Pride was damaged by paying Premium Benefits to which Martinez would not have been entitled had she not agreed to waive her right to sue Pilgrim's Pride and agreed that her only remedy would be the Premium Benefits.

Because Pilgrim's Pride has pleaded a plausible counterclaim for breach of contract, Martinez's motion to dismiss is denied.[2]

**SO ORDERED**.

March 10, 2017.

                                                  _____
                                                  SIDNEY A. FITZWATER
                                                  UNITED STATES DISTRICT JUDGE

---

[2]The court suggests no views on the other arguments made in the parties' briefing. This decision is limited to whether Pilgrim's Pride has pleaded a plausible counterclaim for breach of contract on the basis set out in this memorandum opinion and order.